

THE ATTORNEY GENERAL

OF TEXAS

AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

February 16, 1962

Honorable Jesse James
State Treasurer
State Treasurer's Office
Austin, Texas

Opinion No. WW-1257

Re: Whether a notice mailed to
the Sheriff of the County
of the domicile of the
registered agent of a corpo-
ration, when the registered
agent is maintained in the
State of Texas, is sufficient
notice to meet the require-
ments of Section 3 of Article
3272a, V.C.S.

Dear Mr. James:

In your recent letter you posed the following question
with reference to Section 3(a) of Article 3272a, V.C.S.:

"In the case of out of state corporations, will a
notice mailed to the Sheriff of the county of the
domicile of the registered agent of said corporation,
when the registered agent is maintained in the State
of Texas, be sufficient notice to meet the require-
ments of this Section of Article 3272a?"

Section 3 of the statute provides as follows:

"(a) Within sixty (60) days after the date in which
the reports specified in Section 2 are received,
the State Treasurer shall mail a notice thereof,
as hereinafter described, to the Sheriff <u>of the
county of the domicile or principal place of business
of the holder so reporting, and in cases involving
more than Fifty</u> Dollars ($50), to the Sheriff of the
county of the last known residence of the owner if it
is different from the county of the holder. The notice
to the Sheriff shall be entitled 'Notice of Names of
Persons Appearing to be Owners of Abandoned Property',
and shall contain:

"(1) The names in alphabetical order and the last
known addresses, if any, of persons listed in the
report and entitled to notice as hereinbefore
specified; and

"(2) A statement that information concerning the amount and description of the property and the name and address of the holder may be obtained by any persons possessing or claiming an interest in the property by addressing an inquiry to the holder so reporting. Within ten (10) days after receipt of said notice, it shall be the duty of the Sheriff to post it on the courthouse door or the courthouse bulletin board, where it shall remain posted for a period of not less than thirty (30) days. Thereafter, the Sheriff shall return the notice to the State Treasurer with his certificate showing the date and time of posting required by this Section". (Emphasis Supplied).

Manifestly, it is the purpose of the foregoing section of the statute to afford constructive notice to "any persons possessing or claiming an interest in the property", rather than to the holder. This purpose having been ascertained, we must construe the provision so as to give effect to such intention of the Legislature. 39 Tex.Jur. 168, Statutes, Sec. 90. It is clear that, as a general rule, posting notice in Texas, being the state where the property is held or the state of the last known address of the owner, would be as effective in reaching the missing owners as would posting in the foreign state of incorporation. Thus, it would not be counter to the ultimate object of Section 3 to construe the section to refer to counties within the State of Texas.

In construing a statutory word or phrase, the courts will take into consideration the meaning of the same or similar language used elsewhere in the act or in another act similar in nature, and unless a contrary intention appears, words that are used repeatedly in a statute will bear the same meaning throughout. 37 Tex.Jur. 201, Statutes, Sec. 108. In this connection, we turn to Section 4 which, in part, provides:

"(a) All personal property reported under the provisions of this Article remaining unclaimed at the expiration of one hundred and twenty (120) days from the date upon which the report by the holder of such property was received by the State Treasurer, shall be deemed to be abandoned, and shall escheat to, and the title thereto vest in, the State of Texas, and the State Treasurer shall so certify to the Attorney General.

"(b) The Attorney General shall immediately institute an action in a District Court of the county in which the holder resides or is domiciled to judicially determine that such property has escheated to the State. The suit shall be brought as a class action, and may include the property reported by more than one holder from the same or other counties, and the sworn petition shall state that the action is brought by the State of Texas upon the relation of the State Treasurer by the Attorney General for the purpose of escheating and vesting the title in the State of Texas of the property therein described, stating the description of the property which has escheated to the State, the name of the person or holder possessed thereof and the names of the person or persons claiming, or last known to have claimed, such property, if any such names are known, all of which information shall be separately listed in parallel columns, and the facts and circumstances in consequence of which such property is claimed to have escheated, praying that such property be escheated, and the title thereto vested in the State of Texas. The petition shall not be subject to objections as to the misjoinder of parties or misjoinder of causes of action..

"(c) The Clerk of the Court in which such suit is filed shall issue citation as in other civil cases, which shall be styled 'The State of Texas', and shall be directed to the person or holder named in the petition as being possessed of the property described in said petition, which citation need not be accompanied by a copy of the original petition filed in the suit, but which shall state concisely the nature of the suit, a description of the property possessed by the person or holder to whom the citation is directed, and the name of the person or persons claiming, or last known to have claimed, such property as set forth in the petition, together with the facts and circumstances in consequence of which such property is claimed to have been escheated, and the prayer contained in the petition.

"(d) The Clerk of the Court in which such suit is filed shall also issue citation which shall be styled 'The State of Texas', and shall be directed to all persons

interested in, claiming, or asserting an interest
in the abandoned property, which description of
such property, together with the name of the last
holder thereof and the name of the person or per-
sons claiming, or last known to have claimed, such
property, shall be listed as described in the
petition, to appear and answer as provided in the
Texas Rules of Civil Procedure, which citation shall
be published in accordance with Rules 114, 116, 117
and 118, Texas Rules of Civil Procedure, except that
such citation shall be published only once at least
twenty-eight (28) days before the return day of the
citation, and except as such rules are further herein
modified. The costs of publication shall be paid by
the State Treasurer at the rate set out in Article
29, Revised Civil Statutes. Any person claiming an
interest in such abandoned property, whether such
person is or not specifically named in the petition,
may appear and answer in such proceedings as in other
civil suits.

"(e) All actions brought under this Section shall be
governed by the procedure provided in the Texas
Rules of Civil Procedure relating to class actions,
unless otherwise provided in this Article". (Em-
phasis Supplied).

From Section 4, it clearly appears that the Legislature
contemplated a suit in the courts of Texas and, hence, when it
directed the Attorney General in subsection (b) to institute "an
action...in a District Court of the county in which the holder
resides or is domiciled...", it, perforce, meant a county
in Texas. The words "domiciled" and "resides" in Section 4(b)
must refer to some county in Texas. In accordance with the above
stated rule of statutory construction, we, therefore, conclude
that the Legislature intended to use the word "domiciled" in the
same sense in Section 3; that is, as referring to counties in
Texas.

This construction is in harmony with the treatment
accorded the words "domicile" and inhabitant" under the Texas
Venue Statute, Art. 1995, V.C.S. Foreign corporations are
privileged to be sued in the county in Texas in which they reside,
unless the case falls within one of the statutory exceptions. In
other words, "domicile" and "inhabitant", as these words are used
in the first clause of the venue statute, have been interpreted
to mean the county of residence of the foreign corporation in Texas,

rather than the county in the foreign state wherein the corporation was organized. 14 Tex.Jur.2d 556, Corporations, Sec. 471.

In what county in Texas may the foreign corporation be said to be "domiciled"? In our judgment, it is the county wherein the registered office and agent of the corporation is located, pursuant to the designation required by Article 8.09 of the Texas Business Corporation Act, or Article 2031a, V.C.S.

Article 8.08 of the Texas Business Corporation Act provides as follows:

"Each foreign corporation authorized to transact business in this State shall have and continuously maintain in this State:

"(1) A registered office which may be, but need not be, the same as its place of business in this State.

"(2) A registered agent, which agent may be either an individual resident in this State whose business office is identical with such registered office, or a domestic corporation, or a foreign corporation authorized to transact business in this State, having a business office identical with such registered office." Acts 1955, 54th Leg., p. 239, ch. 64.

The application of Article 8.08 is limited to corporations "authorized to transact business in this State". Article 2031a, V.C.S., which also requires the designation of a resident agent for service, is not limited to foreign corporations authorized to transact business in this State. It includes foreign corporations transacting business within this State whether authorized or not. Vol. 3A, V.A.T.S., 374, Comment of Bar Committee.

It is our opinion that the county in which the foreign corporation maintains its designated registered agent and office under either of these statutes, depending upon which is applicable, is intended to be the domicile of such corporation for purposes of Section 3(a) of Article 3272a. Patently such designations furnish the paramount criteria for determining where the corporation considers itself as residing in Texas, and without being able to rely on these designations, the State Treasurer would in the administration of Article 3272a, be, in many cases, compelled to resolve in an unreasonably short period of time a most complex question of

fact and law. We do not believe that the Legislature intended to inject any such uncertainty and attendant delay into the administration of the new escheat law, Article 3272a.

It is stated in Texas Jurisprudence:

"The Business Corporation Act requires both a domestic and a qualified foreign corporation to maintain a registered office at all times ...Presumably the designation of a registered office has the effect, for venue purposes, of designating the principal office of the company." 14 Tex.Jur.2d 557, Corporations, Sec. 471.

If the designation of the registered office under the Texas Business Corporation Act makes the foreign corporation "domiciled" in such county for venue purposes, it would, by the same logic, follow that such designation determines the "domicile" of the corporation in Texas for other purposes. We, therefore, conclude that Section 3(a) of Article 3272a is complied with by posting notice in the county in Texas where the holder that is a foreign corporation maintains its registered office and agent under the Texas Business Corporation Act or Article 2031a, V.C.S. Your question is, accordingly, answered in the affirmative.

SUMMARY

In the case of a holder that is a foreign corporation maintaining a registered agent and office in Texas, mailing notice to the Sheriff of the county wherein the corporation's registered office and agent is maintained under Article 8.08 of the Texas Business Corporation Act or Article 2031a, V.C.S., will meet the requirements of Section 3(a) of Article 3272a, V.C.S.

Yours very truly,

WILL WILSON
Attorney General of Texas

BY Henry C. Braswell

Henry G. Braswell
Assistant Attorney General

hgb/maj

APPROVED:

OPINION COMMITTEE

Howard W. Mays, Chairman

James Broadhurt
Milton Richardson
Iola Wilcox

REVIEWED FOR THE ATTORNEY GENERAL
BY:  Houghton Brownlee, Jr.